**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEFFREY D. CARLE,
Plaintiff-Appellant,

v.

No. 99-1671

GENERAL AMERICAN LIFE INSURANCE
COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-98-3153-S)

Submitted: October 8, 1999

Decided: November 8, 1999

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William J. Murphy, John J. Connolly, MURPHY & SHAFFER, Balti-
more, Maryland, for Appellant. Robert C. von Ohlen, Jr., Patrick J.
Keating, KAPLAN, BEGY & VON OHLEN, Chicago, Illinois;
George R. A. Doumar, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey D. Carle appeals the district court's grant of summary judgment in favor of General American Life Insurance Company ("General American") in Carle's diversity suit seeking disability benefits. We affirm. We deny General American's motion to supplement the joint appendix in this Court.

I.

Carle, a professional jockey, was involved in an accident while racing on October 26, 1996. Carle took seven months to recover from the injuries he received in this accident. He then worked as a jockey for eleven months before determining that his injuries were serious enough to end his career.

After leaving racing, Carle sought benefits under a disability insurance policy issued by General American. This policy defined "permanent total disability" as

> an injury which prevents the insured from being in any occupation for which he or she is qualified based on his or her education, training or experience. The insured must be so disabled and under the care of a physician for twelve months from the date the disability began.

The policy covered a permanent total disability "which commences within ninety days after the accident causing the loss." (JA 37). General American determined that Carle was not disabled within the meaning of this policy and therefore denied his claim.

Carle then sued General American in Maryland, and General American removed the case to federal court. The district court granted

2

summary judgment in General American's favor. This appeal followed.

II.

Summary judgment is appropriate "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Where the non-moving party would bear the burden of proof of trial, the movant is entitled to summary judgment if the non-moving party "fail[s] to make a sufficient showing on an essential element of her case." Celotex Corp. v. Catrett , 477 U.S. 317, 323 (1986). A district court's decision to grant or deny summary judgment is reviewed de novo. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

In this case, Carle did not become so disabled that he was unable to work until eighteen months after his accident, well beyond the ninety-day limitation. Furthermore, at the time this suit was filed, Carle had not experienced twelve continuous months of disability. Accordingly, he was not entitled to benefits under the clear language of the policy issued by General American.

For these reasons, we affirm the judgment of the district court. In light of this disposition, we deny General American's motion to supplement the joint appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED